UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUWAY HEALTH, INC.,
GAVIN SOLOMON,

                         Plaintiffs,

            -against-

TRIVIDIA HEALTH, INC.,

                         Defendants.

26-CV-3832 (LTS)

ORDER DIRECTING
PAYMENT OF FEE OR IFP APPLICATION
AND SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Gavin Solomon ("Solomon") brings this action *pro se* as President and Chief Executive Officer of Plaintiff Truway Health, Inc. ("Truway"). As set forth below, the Court (1) directs Solomon to pay the $405.00 in fees necessary to initiate this action or submit an application to proceed *in forma pauperis* ("IFP"); (2) directs Solomon to provide an address, email address and telephone number; (3) directs Solomon to resubmit a signed complaint; and (4) dismisses Truway without prejudice to Truway retaining counsel.

**DISCUSSION**

**A.      Fees**

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Solomon submitted the complaint without the filing fees or an IFP application. Within thirty days of the date of this order, Solomon must either pay the $405.00 in fees or submit the attached IFP application. If Solomon submits the IFP application, it should be labeled with

docket number 26-CV-3832 (LTS). If the Court grants the IFP application, Solomon will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).[1]

**B.    Address**

Solomon has not provided an address, email address, or telephone number. Rule 11(a) of the Federal Rules of Civil Procedure requires pleadings, motions, and other papers must state the address, email address and telephone of the party signing. (*See* ECF 2, *In re Cases Filed by Pro Se Plaintiffs*, No. 24-MC-127 (S.D.N.Y. Mar. 18, 2024) (standing order directing all self-represented, i.e., *pro se*, litigants "to inform the court of each change in their address or electronic contact information")). Though the complaint pleads that Truway's address is 401 East 34th Street, New York, New York 10016, Solomon does not provide a mailing or email address. The Court thus directs Solomon to provide a mailing address and email address.

**C.    Signature**

The complaint fails to comply with Rule 11(a) of the Federal Rules of Civil Procedure because it is unsigned. In addition to requiring self-represented parties to provide contact information, the rule also requires them to sign "[e]very pleading, written motion, and other paper." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").

Solomon is therefore directed to sign and submit the attached signature page within 30 days of the date of this order. The signed document must be labeled with docket number 26-CV-3832 (LTS).

---

[1] "[I]n forma pauperis status and appointment of counsel under 28 U.S.C. § 1915 are not available to a corporation." *See Certified Collision Experts, Inc. v. Town of Babylon, NY*, No. 25-202, 2025 WL 4090982, at *1 (2d Cir. Aug. 15, 2025) (citation omitted).

If Solomon mails the signature page to the court, or files it in person, Solomon must comply with Rule 11(a) by signing the document.

If Solomon submits the document by email, to ProSe@nysd.uscourts.gov, Plaintiff may use a digital signature or a typed name with /s/ ("/s/ Gavin Solomon") on the signature line. *See* Local Civil Rule 5.2 ("Any document submitted . . . [by email] must be signed by the party in one of the following ways: (a) by signing the document and then scanning it; (b) by using a digital signature; or (c) by typing: "/s/ [Party's Name]."").

**D.    Truway**

Finally, Truway cannot represent itself in this action because it is an entity. In federal court, two types of representation are allowed: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (citing 28 U.S.C. § 1654) (other internal citation and quotation omitted). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio, v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (citation omitted), courts generally do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993). *See also Jacobs v. Pat. Enf't Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000) ("[I]t is settled law that a corporation cannot generally appear in federal court except through its lawyer.").

Here, the complaint does not allege that Solomon is an attorney or that Truway is a sole proprietorship. The Court therefore dismisses Truway from this action without prejudice to Truway retaining counsel.

**CONCLUSION**

The Court directs Solomon to pay the $405.00 in fees or submit the attached IFP application.

The Court also directs Solomon to provide his address, email address, and telephone number. The Court directs the Clerk of Court to email a copy of this order to the email address used to transmit the complaint: gavin@truwayhealth.com.

The Court directs Solomon to sign and submit the attached signature page within 30 days of the date of this order.

The Court dismisses Truway from this action, without prejudice to Truway retaining counsel, and directs the Clerk of Court to terminate Truway from this action.

No summons shall issue at this time. If Solomon complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Solomon fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 22, 2026
       New York, New York

               /s/ Laura Taylor Swain
                 LAURA TAYLOR SWAIN
           Chief United States District Judge